IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Ponder,     #259096,           )<br>                                                    )<br>                          Petitioner,     )<br>                                                    )<br>       vs.                                        )<br>                                                    )<br>                                                    )<br>Warden Lee Correctional Institution,  )<br>                                                    )<br>                          Respondent.     )<br>                                                    ) | Civil Action No. 3:07-778-RBH-JRM<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Bobby Ponder ("Ponder"), is an inmate at the South Carolina Department of Corrections serving a sentence of forty years imprisonment for multiple charges of armed robbery and receiving stolen goods. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of the Constitution of the United States. The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on July 30, 2007. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on August 2, 2007, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on August 20, 2007.

**Procedural History**

Ponder pled guilty and was sentenced on June 8, 1999. He did not file a direct appeal. On November 16, 1999, Ponder filed an application for post-conviction relief ("PCR"). An evidentiary hearing, at which Ponder appeared and testified, was held on January 30, 2002. The PCR court issued an order dismissing the application on April 17, 2002. (App. 151). Ponder's motion to amend

the judgment was denied on December 15, 2003. (App. 166). A Johnson[1] petition for writ of certiorari was filed by the South Carolina Office of Appellate Defense raising the following issue:

Was trial counsel ineffective for failing to appeal petitioner's guilty pleas?

Ponder filed a pro se brief (Res. Mem., Ex. 5). The appeal was transferred to the South Carolina Court of Appeals which denied the petition on October 21, 2005. Ponder's petition for rehearing was denied, and he filed a pro se petition for writ of certiorari in the Supreme Court raising the following questions:

1. Did lower court err in finding that counsel rendered effective assistance of counsel?

2. Was petitioner's guilty pleas involuntary (Re. Mem., Ex. 9).

The Supreme Court denied the petition on January 31, 2007. (Res. Mem., Ex. 12).

## **Grounds for Relief**

In his present petition, Ponder states one ground for relief:

Petitioner received ineffective assistance of trial counsel at his June 18,[2] 1999 hearing.

Respondent construes the petition to raise three issues of ineffective assistance of trial counsel:

1. Failing to investigate a temporary insanity defense, or otherwise challenge competency;

2. Failing to advise petitioner the offenses would not subject him to a sentence of life without parole; and

3. Failing to file a direct appeal when asked to do so.

---

[1] Johnson v. State, 294 S.C. 310, 364 S.E.2d 2001 (1988).

[2] The date appears to be wrong. Ponder is referring to his change of plea hearing which occurred on June 8, 1999.

Ponder appears to agree that these three issues comprise his claim of ineffective assistance of counsel.

### Discussion

Since Ponder filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> \* \* \*
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of

3

> the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the

4

> particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. See Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a

5

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

    1.    Failure to Investigate

Ponder asserts that his trial attorney was deficient for failing to investigate defenses based on his mental health. At the PCR hearing both Ponder and his sister testified that they told counsel that Ponder had experienced mental health problems. Counsel testified that he and Ponder discussed an insanity defense prior to the pleas. However, based on counsel's interaction with Ponder and Ponder's admission that he knew right from wrong at the time of the crimes, he did not seek a mental examination. No expert testimony was presented during the PCR hearing.

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992). The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "Strickland does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." Green v. French, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds* by Williams v. Taylor, 529 U.S. 362 (1998). A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas. Strickland, 466 U.S. 690-91. A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial. Generally, the failure to investigate and present a potential alibi witness supports a claim of ineffective assistance of counsel. However, at

the PCR hearing, the petitioner must present evidence establishing what the witness would have said at trial. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991).

The PCR court found that the testimony of Ponder and his sister "on the mental capacity issue is not credible," that his trial counsel "articulated a valid reason for not obtaining a mental evaluation." (App. 157). The PCR court properly applied the Strickland standard to this claim.

    2.    Sentencing

Ponder pled guilty to a string of seven armed robberies which occurred between March 24 and April 9, 1999. The first occurred in Spartanburg County. A week later on the night of March 31, 1999, Ponder robbed two stores in Spartanburg County, and after midnight, robbed a third store in Cherokee County. He committed three separate robberies on April 7, 8, and 9 in Spartanburg County. Ponder was sentenced to thirty years imprisonment on each armed robbery to be served concurrently. He received a ten-year consecutive sentence for receiving stolen goods for a total sentence of forty years.

Ponder asserts that his trial counsel was ineffective for advising him that he would be subject to a sentence of life without parole ("LWOP") under South Carolina law if he went to trial and was convicted of the armed robberies. S.C. Code Ann. § 17-25-45 requires a sentence of LWOP upon conviction of a second "most serious offense." Armed robbery qualifies as a most serious offense as defined by that statute. Ponder argues that counsel's advice was erroneous because his crimes would fall under the "closely connected offenses" exception provided by S.C. Code Ann. § 17-25-50. That statute states: "(i)n determining the number of offenses for the purpose of imposition of sentence, the court shall treat as one offense any number of offenses which have been committed at times so closely connected in point of time that they may be considered as one offense, notwithstanding under the law they constitute separate and distinct offenses." Ponder now asserts

7

that he would not have pled guilty had he known that he would not have received a LWOP sentence had he gone to trial based on S.C. Code Ann. § 17-25-50.

Respondents assert that because Ponder failed to properly raise this claim in the state courts, it should not be considered here.

> A habeas petitioner in state custody generally must exhaust state court remedies, see 28 U.S.C. § 2254(b), and a federal habeas court may not review unexhausted claims that would be treated as procedurally barred by state courts-absent cause and prejudice or a fundamental miscarriage of justice. See Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir.2000); Mackall v. Angelone, 131 F.3d 442, 445 (4th Cir.1997) (en banc). This exhaustion requirement "reduces friction between the state and federal court systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (internal quotation marks and citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"-which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 845, 847, 119 S.Ct. 1728. And this opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir.2000) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.1997) (internal quotation marks omitted)). In other words, the ground must "be presented face-up and squarely." Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir.), cert. denied, 543 U.S. 1156 (2005).

This specific claim was not raised in Ponder's PCR application (App. 25) nor in his amended application (App. 30). Ponder did raise several claims relating to sentencing,[3] but not this claim. Ponder gave some conflicting testimony on the issue during the PCR hearing while describing his general satisfaction with his trial attorney. Indeed at the PCR hearing, it appears that Ponder was under the belief that if he were granted a new trial that he could receive LWOP upon conviction.

---

[3]For example, that he was not advised that he would have to serve 85% of his sentence.

8

(App. 89). The issue was not specifically addressed by the PCR court. (App. 151). Ponder filed a notice to amend the judgment of the PCR court which included a list of 12 ineffective of counsel issues that he argued the PCR court failed to address in its order of dismissal. This claim was not listed. The claim was not raised in the Johnson petition for writ of certiorari. (Res. Mem., Ex. 4). Ponder did raise the effect of § 17-25-50 in his pro se brief. (Res. Mem., Ex. 5). However, because the issue was not raised or addressed before the PCR court, it was not preserved for review by the South Carolina appellate courts.

In any event, this claim fails because Ponder has not shown that he would have qualified for the "closely connected offense" exception in S.C. Code Ann. § 17-25-50. Even though Ponder did not give the PCR court a fair opportunity to rule on the issue, the armed robberies are conveniently grouped. Giving Ponder the benefit of the doubt, the first armed robbery occurred on March 24, 1999. The second, third and fourth might be grouped as closely connected as they occurred on the night of March 31, 1999 and early morning of April 1, 1999. A third group occurred on April 7, 8 and 9, 1999. At the plea hearing, the Assistant Solicitor and defense counsel both informed the court that without the plea, Ponder would be subject to LWOP. (App. 16 and 19-20). As noted above, Ponder apparently had that understanding through the PCR hearing. It is clear that Ponder pled guilty to avoid the possibility of LWOP.

   3.  Direct Appeal

The right to effective assistance of counsel extends to direct appeal. Pennsylvania v. Finley, 481 U.S. 551, 559 (1987). The Strickland standard is used to evaluate whether counsel was constitutionally deficient for failing to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470 (2000) and Frazier v. South Carolina, 430 F.3d 696, 704-705 (4th Cir. 2005). "To establish a Sixth Amendment violation based upon counsel's failure to appeal, [the petitioner] must prove that

(1) counsel was ineffective, and (20 a reasonable probability that, but for counsel's ineffectiveness, an appeal would have been filed." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Roe, 528 U.S. at 477-83).

If counsel has consulted with the defendant, the failure to file an appeal is deficient only if it contradicts the defendant's instructions to appeal. Roe, 528 U.S. at 478. In the absence of a direct instruction from a defendant to appeal, the question of whether counsel's failure to appeal is constitutionally deficient depends upon "whether counsel in fact consulted with the defendant about an appeal." Roe, 528 U.S. at 478. If counsel has failed to consult, the court must consider whether "this failure constitutes deficient performance. In doing so, a court should consider whether "(1) ... a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal); [and] (2) ... [whether] this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. If the court determines that counsel's performance was deficient, the court must then determine whether the defendant was prejudiced thereby. To demonstrate prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe, 528 U.S. at 482.

This claim was presented to the South Carolina Supreme Court in the Johnson petition, and it is properly before this court. (Res. Mem., Ex. 4). At the PCR hearing, Ponder testified that after his pleas he asked his sister to contact counsel and ask that an appeal be filed. Ponder's sister testified that she did so. However, counsel testified that he did not recall being asked to file an appeal (App. 135), but "(i)f I were asked to file an appeal and it was still timely, within the time, I would file an appeal." (App. 143).

The PCR court did not directly discuss this claim in its order of dismissal. (App. 151). However, the Court found the testimony of Ponder and his sister to be not credible and the testimony of counsel to be credible. Based in part on those findings, the PCR court generally concluded that "trial counsel was not deficient in any aspect of his representation and performed well within reasonable professional norms for a criminal defense attorney." (App. 157). This appears to constitute an implicit factual findings that Ponder nor his sister consulted with counsel about filing a direct appeal. Even if it is found that Ponder did ask for an appeal, he has not shown that counsel was deficient under Roe as discussed above.

## **Conclusion**

Based on a review of the record, it is recommended that respondent's motion for summary judgment be granted, and the petition dismissed without an evidentiary hearing.

> Respectfully submitted,
>
> s/Joseph R. McCrorey
> United States Magistrate Judge

January 31, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).