IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Bobby Ponder, ) | C/A No. 3:07-778-RBH |
| ) | |
| Petitioner; ) | |
| ) | |
| vs. ) | |
| ) | |
| Warden, Lee Correctional Institution, ) | **O R D E R** |
| ) | |
| Respondent. ) | |

Petitioner Bobby Ponder, proceeding *pro se*, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on March 20, 2007. Currently pending before the court is the Respondent's motion for summary judgment which was filed on July 30, 2007. By Order entered August 2, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to the Respondent's motion on August 20, 2007.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on January 31, 2008. In the Report, the Magistrate Judge recommended that the respondent's motion for summary judgment be granted. Petitioner filed objections on February 8, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo*

1

determination of any portions of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## PROCEDURAL HISTORY

Petitioner was indicted by a Spartanburg County grand jury on six (6) counts of armed robbery and one count of receiving stolen goods greater than $5000. Petitioner was also indicted in Cherokee County for an additional count of armed robbery. On June 8, 1999, Petitioner pleaded guilty to the charges. A charge of breach of trust and other "telephone charges" were dismissed. The judge sentenced Petitioner to an aggregate sentence of forty (40) years. Petitioner did not appeal from the plea or sentence. On November 16, 1999, Petitioner filed an application for post-conviction relief (PCR). The PCR petition was amended on March 21, 2001. An evidentiary hearing was held on January 30, 2002 before Judge J. Derham Cole. Petitioner was represented by counsel at the hearing. On April 17, 2002, the PCR judge entered an order of dismissal. Petitioner's motion to alter or amend was denied on December 15, 2003. Petitioner filed an appeal from the denial of his PCR. He was represented by the Office of Appellate Defense. Appellate counsel filed a *Johnson* Petition for Certiorari. The South Carolina Supreme Court transferred the case to the South Carolina Court of Appeals, which denied the petition on October 21, 2005. Petitioner's Petition for Certiorari was denied by the Supreme Court on January 31, 2007. The remittitur was issued on February 7, 2007. This action was initiated on March 20, 2007.

**STANDARD OF REVIEW**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). When ineffective assistance of counsel is alleged, the court's analysis should center on whether the state courts properly applied the test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Williams v. Taylor*, 529 U.S. 362 (2000) ("*Strickland* test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.").

**INEFFECTIVE ASSISTANCE OF COUNSEL**

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). In *Strickland*, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first prong, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms." *Id*. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Turner v. Bass*, 753 F.2d 342, 348 (4th Cir. 1985), *quoting Strickland, rev'd on other grounds* 476 U.S. 28 (1986). In meeting the second prong, a complaining defendant must show that he was prejudiced

before being entitled to reversal: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694-695. The Supreme Court clarified the meaning of prejudice in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that an appropriate inquiry for prejudice is a consideration "whether the result of the proceeding was fundamentally unfair or unreliable." Accordingly, a reviewing court should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." *Williams v. Taylor*, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. 1998), quoting *Lockhart* at 369-70.

### *1. Was counsel ineffective in failing to request a mental health evaluation?*

Petitioner contends in his objections that, based on records of the Department of Corrections relating to his mental health problems, his counsel was ineffective in not moving for a mental health evaluation prior to trial.

Trial counsel testified at the PCR hearing that he was aware of Petitioner's past diagnosis of paranoid schizophrenia and that they discussed the concepts of "not guilty by reason of insanity" and "guilty but mentally ill" and that "he told me that at the time that he committed the crimes that he knew the difference between right and wrong. And he told me that at that time he could control his actions. He said that he just, from what had happened in his life, he just didn't care. . . [H]e did tell me too though that he would say that he had mental problems if that would help him out in court, help him get out of this. When he told me that, I told him we weren't going to commit a fraud, we weren't going to pursue that any further." (Tr. PCR hearing, pp. 66-67, attached to Respondent's motion for summary judgment).

Many of the mental health records relied upon by the petitioner are dated after the date of guilty plea on June 8, 1999[1] and therefore would not have been available to trial counsel. The medical records introduced into evidence at the PCR hearing do include a consent for neuroleptic medications dated July 20, 1998 and a record from the Spartanburg Hospital System dated in 1986 after a suicide attempt. At the time, it appears that Petitioner was diagnosed with "mixed personality disorder". (*See* Attachments to Motion for Summary Judgment, Tab 3, p. 104) [2]

The PCR Judge found the testimony of Petitioner and his sister not to be credible on the "mental capacity issue" and that the testimony of trial counsel was credible. The Court agrees with the Magistrate Judge, based upon a review of the record, that counsel was not ineffective under *Strickland* in failing to request a mental evaluation of the petitioner.

## 2. Was counsel ineffective in failing to advise Petitioner that the offenses to which he was pleading guilty would not subject him to a sentence of life without parole?

Petitioner also contends that counsel was ineffective in failing to advise him that the offenses to which he was pleading guilty would not subject him to a sentence of life without parole and that this issue was in fact raised in state court. However, as noted by the Magistrate Judge, even if the issue was raised in state court and therefore appropriate for this Court's consideration in this habeas action, Petitioner has not shown that he would have qualified for the "closely connected offense" exception in S.C. Code Ann. § 17-25-50. Therefore, counsel was not ineffective for advising Petitioner that, if found

---

[1] The transcript of the guilty plea proceeding reflects that trial counsel called the sentencing judge's attention to Petitioner's past diagnosis with paranoid schizophrenia. (Appendix, p. 20, attached to Defendant's Motion for Summary Judgment).

[2] The records also refer to treatment of an absessed tooth and other medical needs not related to mental health problems.

5

guilty by a jury, he would have been subject to a sentence of life without parole.

### *3. Has Petitioner shown ineffective assistance of counsel in failing to file a direct appeal?*

As to this issue, in his objections, Petitioner states only that he "raised the issue of the direct appeal throughout the PCR application." (Objections, p. 3). Without specific objection to the Magistrate Judge's reasoning, the court will not discuss the conclusions reached by the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review).

Bearing in mind that Petitioner is proceeding *pro se*, however, the Court will examine the issue of whether trial counsel was ineffective in his failure to file a direct appeal from the guilty plea and sentence.

It is clear from the record that Petitioner requested a belated appeal in the PCR application. However, it is also clear that he did not ask for further clarification regarding the issue in his motion to amend the judgment.[3] While the PCR Order of Dismissal did not specifically address the appeal issue, it stated that "every aspect of Applicant's testimony regarding the deficiencies of his trial counsel's representation was not credible" and that trial counsel's testimony was credible.[4] The Order

---

[3] The petitioner alleged in his motion to reconsider numerous points that he alleged were not addressed in the PCR Order, but he does not even mention any issues related to the failure to file an appeal.

[4] Trial counsel testified that he did not recall any request by Petitioner's sister to file an appeal but that he would have filed an appeal had he been requested to do so. He also indicated that, in his opinion, there were no valid grounds for appeal from the plea or sentence.(Attachment to Return, p.

6

further provides, "As to any and all allegations that were raised in the application or at the hearing in this matter, but were not specifically addressed in this Order, this Court finds that the Applicant failed to present any probative evidence regarding such allegations." The credibility finding by the PCR court would extend to any testimony by Petitioner and his sister that the sister requested counsel to file an appeal. Petitioner has not argued in his objections that he was not advised of his right to appeal[5]; nor did he present such testimony at the PCR hearing. Rather, he contended that his lawyer did not follow his instructions to appeal. Therefore, this Court concludes that the finding by the PCR Judge that counsel was not ineffective did not result in a decision contrary to or involving an unreasonable application of federal law or a decision based on an unreasonable determination of the facts.

## **CONCLUSION**

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. For the reasons stated, the Court adopts the Report and Recommendation as modified herein. Respondent's [16] Motion for Summary Judgment is **GRANTED**.

---

143).

[5] In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the Supreme Court held that an attorney "who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." However, the Court rejected "a bright-line rule that counsel must always consult with the defendant regarding an appeal." *Id*, 528 U.S. at 480. The Court held that counsel must consult with the defendant concerning an appeal "when there is reason to think **either** (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), **or** (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. . . . [A] highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea." *Id*. (emphasis added). If a petitioner shows that counsel's representation falls below the objective standard of reasonableness required by *Strickland*, then he must also show prejudice. *Strickland*, 466 U.S. at 692.

7

**IT IS SO ORDERED.**

                                            s/R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

March 18, 2008
Florence, SC